UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60936-CIV-UNGARO/SIMONTON

ALLSTATE INSURANCE COMPANY,

    Petitioner,

v.

SANTA ANA, LLC,

    Respondent.
_____/

### ORDER GRANTING PETITIONER'S MOTIONS TO COMPEL BY DEFAULT

Presently pending before the Court are the Motions to Compel, filed by Petitioner, Allstate Insurance Company, on October 16, 2008 (DE # 13,14). The deadline for filing a timely response expired on November 3, 2008, and no response has been filed to date. A telephonic hearing was held before the undersigned Magistrate Judge on October 22, 2008. Based upon a review of the record as a whole, Petitioner's Motions to Compel are **GRANTED BY DEFAULT.**

    I.    BACKGROUND

This is a declaratory action concerning an insurance contract. The parties dispute whether Allstate is obligated to conduct an appraisal for damages that it has already determined are not covered by the insurance contract (DE # 1).

On July 25, 2008, Allstate served its First Request to Produce as well as its First Set of Interrogatories on Respondent. The First Request to Produce covered 26 categories of documents relating to Respondent's business and insurance coverage, while the First Set of Interrogatories posed 21 questions regarding the facts surrounding this case (DE ## 13, 14).

Respondent failed to timely produce any documents, answer any interrogatories,

file any objections or request additional time to respond and despite Allstate's subsequent correspondence on September 11, September 29, October 9 and October 14, 2008. Finally, on October 16, 2008, approximately three months after it served its First Request to Produce and First Set of Interrogatories, Allstate filed the instant motions to compel. *Id.*

Respondent stated at the hearing that both parties were aware of their disagreement over whether this case raised purely legal issues that should be resolved prior to factual discovery. However, the Court was not apprised of this disagreement until October 22, 2008, when Respondent filed a motion for protective order, requesting that all discovery be stayed pending the Court's resolution of the summary judgment motion it filed the previous day (DE ## 21-22).

On October 27, 2008, the Court denied Respondent's motion for protective order, which permits the parties to conduct fact discovery prior to the resolution of Respondent's motion for summary judgment (DE # 26). Respondent has yet to file a response to Allstate's motion to compel and the deadline for filing a response expired on November 3, 2008.

The discovery deadline in this case is December 5, 2008, based on an anticipated trial date of May 11, 2009 (DE # 11).

II.     DISCUSSION

Respondent argued in its motion for protective order that fact discovery should be stayed pending resolution of its motion for summary judgment, but has not provided any other reason for its failure to respond to Allstate's discovery requests or its subsequent motion to compel discovery.

Respondent's failure to respond or to object to Allstate's discovery requests

constitutes a waiver of any valid objections that may have been available to it.  *See* Fed. R. Civ. P. 34; *Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008).

Further, Respondent's failure to respond to or object to Allstate's motions to compel constitutes good cause for granting the motion by default.  *See* S.D. Fla. L.R. 7.1.C.

The undersigned has reviewed Allstate's discovery requests; concludes that they are reasonably calculated to lead to the discovery of admissible evidence; and, therefore, fall within the broad scope of relevant material that is discoverable under Federal Rule of Civil Procedure 26(b).

Allstate also requests attorneys' fees and costs it incurred in connection with filing this motion (DE # 15 at 4).  Given the circumstances of this case, the undersigned finds that an award of attorneys' fees and costs is not warranted at the present time.  It is, accordingly,

**ORDERED AND ADJUDGED** that Petitioner's Motions to Compel (DE ## 13, 14) are **GRANTED BY DEFAULT**.  On or before November 14, 2008, Respondent shall respond to Petitioner's First Set of Interrogatories (DE # 13, Ex. A); and, on or before November 14, 2008, Respondent shall provide to Allstate all documents within its possession, custody or control that are responsive to Allstate's First Request to Produce (DE # 14, Ex. A).  It is further

**ORDERED AND ADJUDGED** that Plaintiff's request for sanctions, made pursuant to Federal Rule of Civil Procedure 37(a)(4), is **DENIED** without prejudice to

renew if Respondent does not comply with this Order.

**DONE AND ORDERED** in chambers in Miami, Florida on November 4, 2008.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record